## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

DEXTER DISTRIBUTION GROUP LLC
F/K/A TEXTRAIL, INC., *ET AL.*,

          *Consolidated Plaintiffs,*

          *v.*

UNITED STATES,

          *Defendant,*

        *and*

DEXSTAR WHEEL DIVISION OF
AMERICANA DEVELOPMENT, INC.

          *Defendant-Intervenor.*

Consl. Court No. 24-00019

## **OPPOSITION TO ASIA WHEEL'S MOTION TO INTERVENE**

Pursuant to Rule USCIT Rule 7(d), Defendant-Intervenor Dexstar Wheel
Division of Americana Development, Inc. ("Dexstar" or "Defendant-Intervenor")
hereby respectfully responds to the February 29, 2024 motion to intervene as a
plaintiff-intervenor made by Asia Wheel Co., Ltd. ("Asia Wheel"). *See* ECF 20 ("*Asia
Wheel Motion*"). Asia Wheel claims it may intervene as a matter of right or, in the
alternative, asks that this Court to grant permissive intervention. But in a number
of recent decisions on intervention in comparable situations, this Court has
established that parties such as Asia Wheel do not meet the requirements for
intervention by right or by permission of the Court. Defendant-Intervenor therefore
opposes Asia Wheel's intervention and asks this Court to apply the same standards
that it has applied elsewhere uniformly in this case. A proposed order to that end is
attached.

I.    **<u>Asia Wheel Does Not Have A Right to Intervene</u>**

Under Rule 24 of this Court, Asia Wheel does not have a direct right to intervene in these actions based on its status in the underlying Enforce and Protect Act ("EAPA") proceedings at U.S. Customs and Border Protection ("CBP"), unlike the existing parties to these consolidated cases who are given such a right.

The first clause of USCIT Rule 24(a)(2) provides that the importer "determined to have entered merchandise through evasion" (the "importer") and the party that filed the EAPA allegation (the "alleger") both have a definite right to intervene in any challenge before this Court to CBP's determination in an EAPA investigation. That rule reflects the rights of parties to an EAPA investigation as set out in the statute, which limits this Court's jurisdiction to only the review of claims brought before the Court by the importer or by the alleger. 19 U.S.C. § 1517(g).

While the statute defines a number of entities that may be considered an "interested party" for EAPA purposes (*see* 19 U.S.C. § 1517(a)(6)(A)), it limits which of those interested parties have various rights in an EAPA investigation. Thus, only the importer and the alleger have a right to be notified of CBP's initial determination, and only those two parties can seek administrative review of that determination. *See* 19 U.S.C. §§ 1517(e)(4)(A) and (f)(1). Likewise, CBP's implementing regulations provide that only the importer and the alleger (defined in those regulations as the "parties to the investigation;" *see* 19 C.F.R. § 165.1, "Parties to the investigation") may present arguments to the agency during the EAPA investigation and administrative review. *See* 19 C.F.R. §§ 165.26(a)(1) and

165.41(a). While CBP may seek and verify information during an EAPA investigation from other interested parties, including the exporter and producer (*see* 19 U.S.C. § 1517(c)(2)(A)), the roles of those parties are otherwise circumscribed.

As Asia Wheel states in its motion to intervene, Asia Wheel was the exporter and averred producer of the merchandise CBP investigated in the underlying EAPA investigations. *Asia Wheel Motion* at ¶ 2. While Asia Wheel is technically correct that it was an "interested party" in those investigations, Asia Wheel does not acknowledge that it ***was not*** a party to the investigations as defined in CBP's regulations and as set out in the statute. Asia Wheel's role in the EAPA investigations was limited to providing information sought by CBP (and having that information verified). As it was not a party to the investigations, Asia Wheel could not independently submit information for CBP's consideration, could not (and did not) present argument during the investigations, and could not seek or have any role in the administrative review. While Asia Wheel argues it was an "active participant" in the EAPA investigations (*Asia Wheel Motion* at ¶¶ 3, 8, 9), that role was only as directed by CBP to provide what information the agency affirmatively sought from Asia Wheel, so that the agency could investigate the actions of the importers. Asia Wheel's role in the EAPA investigations was entirely ancillary and subordinate.

As Asia Wheel was neither the importer nor the alleger in the challenged EAPA investigations and so has no direct right to intervention under the first clause of USCIT Rule 24(a)(2), Asia Wheel argues that it has a right to intervene

under the second clause in Rule 24(a)(2). *See Asia Wheel Motion* at ¶¶ 6-11. The second clause in Rule 24(a)(2) provides a right of intervention for other parties that "claim{} an interest relating to the property or transaction that is the subject of the action," if that party "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Additionally, Rule 24(a)(2) further limits the intervention of even a party that meets those first two requirements, denying a right to intervene if "existing parties adequately represent that interest."

This Court has recognized a four-part test for intervention by right under the second clause of Rule 24(a)(2), based on the test set out by the Court of Appeals for the Federal Circuit (the "CAFC") for intervention by right under the CAFC's rule that uses the same language as Rule 24(a)(2). The four-part test is:

1) "the motion must be timely;"

2) "the moving party must claim an interest in the property or transaction at issue that is legally protectable—merely economic interests will not suffice,"

3) "that interest's relationship to the litigation must be of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment"

4) "the movant must demonstrate that said interest is not adequately addressed by the" existing parties.

*N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313, 1322 (Ct. Int'l Trade 2021), *aff'd sub nom. California Steel Indus., Inc. v. United States*, 48 F.4th 1336 (Fed. Cir. 2022) (internal quotation marks omitted; quoting *Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012) and *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1562 (Fed. Cir. 1989)). *See also Eregli Demir Ve Celik Fabrikalari T.A.S. v. United States Int'l Trade Comm'n*, 639 F. Supp. 3d 1245, 1253 (Ct. Int'l Trade 2023) (also applying the CAFC's four-part test for intervention under the second clause of Rule 24(a)(2)).

As Asia Wheel's motion was timely made, we address the other three requirements for intervention by right under the *Wolfsen* test below.

### a. Asia Wheel's Interest is Merely Economic, Not Legally Protectable

In its motion, Asia Wheel never states precisely what interest in the property or transaction at issue it is claiming. Instead, Asia Wheel only states that it claims such an interest "{b}ased on the forgoing circumstances," which are presumably the circumstances discussed in ¶¶ 7-10 of its motion. In those paragraphs, Asia Wheel discusses that it submitted information to CBP in the EAPA investigations and that it requested a scope ruling at the Department of Commerce, but does not explain how those steps give it any interest in the property and transactions at all, much less a legally protectable interest. *See Asia Wheel Motion* at ¶¶ 7-8.

Asia Wheel also argues that because it was an interested party as defined by 19 U.S.C. § 1517(a)(6)(A)(i), it "has a clear interest in the transactions." *Asia Wheel Motion* at ¶ 7. That claim is clearly incorrect: as explained in the section above, only

5

two types of interested parties have a definite right to intervene before this Court: the importer and the alleger. If simply being any type of interested party to an EAPA investigation were sufficient to have an interest that allowed intervention, the first clause of Rule 24(a)(2) would be mere surplusage, as that interest for all "interested parties" would already be addressed under the second clause. Instead, the only interest as a party under EAPA directly recognized as sufficient without more to allow intervention is the interest of the importer or of the alleger.

So Asia Wheel argues that it has "suffered significant economic harm and damage to its reputation as a direct result of the EAPA investigation and CBP's actions therein." *Asia Wheel Motion* at ¶ 9. Asia Wheel claims that it "lost substantial business with U.S. customers, including customers beyond the targets of EAPA Investigation," and was forced to accept returns from customers. *Id.* Asia Wheel provided no evidence with its motion supporting these claims. *See id.*

Even if true, Asia Wheel's claims of economic harm are simply irrelevant under Rule 24(a)(2). As the CAFC has held, "a 'legally protectable interest' {} has been held to require ***something more than merely an economic interest***." *Am. Mar. Transp.*, 870 F.2d at 1562 (emphasis added; citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) ("By requiring that the applicant's interest be not only 'direct' and 'substantial,' but also 'legally protectable,' it is plain that something more than an economic interest is necessary.")). S*ee also Wolfsen*, 695 F.3d at 1315 ("This interest must be 'legally protectable'—merely economic interests will not suffice."); *California Steel Indus.,*

*Inc. v. United States*, 48 F.4th 1336, 1344 (Fed. Cir. 2022) ("…the proposed intervenors' alleged economic interests cannot suffice either."). Even "when the outcome of the {} action is almost certain to have a significant and immediate economic impact on the applicant," that economic interest does not become a "legally protectable interest." *Am. Mar. Transp.*, 870 F.2d at 1562 (citing *Rosebud Coal Sales Co. v. Andrus*, 644 F.2d 849, 851 (10th Cir. 1981)).

For example, in its recent decision in *Eregli Demir*, this Court denied intervention by right to certain domestic steel producers in an importer's challenge to a decision by the U.S. International Trade Commission in making an antidumping duty order. This Court held that the domestic producers' interest in the relief they had obtained under the antidumping duty order at question was "merely economic" and so not grounds for intervention by right. *Eregli Demir*, 639 F. Supp. 3d at 1255.

Asia Wheel's claims of an economic interest due to lost sales is simply not a legally protectable interest. Asia Wheel points to no right it had to export to United States unchallenged or for its U.S. customers to be kept unaware that Asia Wheel's merchandise could be investigated by CBP or found to be in scope by the Department of Commerce (in a proceeding that Asia Wheel now asserts to have itself initiated, *see Asia Wheel Motion* at ¶ 8). While Asia Wheel also claims some "reputational harm," Asia Wheel fails to show how any such harm occurred other than the sales it claims to have lost. So Asia Wheel points to no interest it had in

the outcome of the EAPA investigations that it claims was anything other than purely economic.

Indeed, Asia Wheel's claims of injury due to the actions of U.S. customers other than the importers that CBP investigated are particularly inapposite in a challenge to an EAPA investigation. Any actions taken by customers other than the importers CBP investigated were not directly caused by CBP's action, and only occurred due to the independent actions of those customers. The EAPA investigation only directly applied to the importers in question; Asia Wheel cannot plausibly expand it to cover all actions by all Asia Wheels customers.

As the CAFC has explained, "the mere possibility" of an economic outcome cannot be sufficient to allow the intervention of any party that may be economically affected by the outcome of a case, as "allowing intervention {in such a case}…would open the intervention door to all other potential{ly}" affected parties. *Am. Mar. Transp.*, 870 F.2d at 1562. If Asia Wheel's claimed economic interest was sufficient to create a right for Asia Wheel to intervene here, any entity that saw some impact from Asia Wheel's customers' actions would have the same right: the shipping companies, the customs brokers, even the dock workers who possibly could have handled more import sales if CBP's interest had not been turned to some of Asia Wheel's other exports. As this Court and many others have recognized, that is simply not the type of interest considered for purposes of Rule 24(a)(2).

In one case, this Court has allowed the exporter in an EAPA investigation to intervene by right in the importer's challenge to that determination, but the central

point the Court explicitly rested its decision on in that case is entirely absent in this one. The Court there explicitly recognized a non-economic interest unlike anything Asia Wheel has alleged here. In its 2021 decision in *Global Aluminum Distributor*, this Court held that the exporter's interest was not merely economic where the exporter had a specific clause in its contract with the importer investigated in an EAPA proceeding, stating that the exporter would provide merchandise "that {was} not subject to antidumping or countervailing duties." *Glob. Aluminum Distrib. LLC v. United States*, 579 F. Supp. 3d 1338, 1342 (Ct. Int'l Trade 2021). The Court held that CBP's EAPA determination in that case "necessarily lays {the exporter} open to a claim that it breached its contract by failing to tender and deliver aluminum extrusions not subject to the antidumping and countervailing duty orders," and so the exporter "has an interest in demonstrating that it fulfilled its contractual obligations." *Id.* at 1342-43.

But here, no such contractual clause created a non-economic interest for Asia Wheel. Instead, the only interests Asia Wheel claims are economic losses and its role of providing information to CBP during the investigations.

This Court has held in multiple decisions that merely having participated in the challenged agency action in some role does not create a right that will necessarily allow intervention by right when that action is challenged before this Court. In recent challenges to Section 232 duty exclusion decisions, this Court has repeatedly rejected the intervention of domestic producers of merchandise that competed with the imports that could have been excluded from the Section 232

9

orders by the court action, even though those domestic producers would face an economic impact if that occurred. The Court has further explained that though those domestic parties did participate before the agency in the exclusion determinations that were being challenged in those cases, unlike antidumping and countervailing duty proceedings where the statute directly creates a right for such parties to participate in a court action because they participated in an agency proceeding, "Section 232 itself confers no such right to participate in agency proceedings." *N. Am. Interpipe*, 519 F. Supp. 3d at 1324. Where there is no right created by statute—even where the statute "expressly permits {the agency} to hear from domestic parties" on the issue—such participation is not by right and so is "an act of administrative grace that creates no protected legal interests." *Id.* at 1324-25. Such parties "have no legally protectable interests for purposes of Rule 24(a)(2) notwithstanding their participation in {the} administrative proceedings." *Id.* at 1325. The CAFC has affirmed this conclusion. *See California Steel Indus.,* 48 F.4th at 1344 (the domestic producer's participation in agency proceedings "does not transform their participation during the administrative proceedings into a legally protectable interest during subsequent judicial proceedings"). Likewise, the fact that Asia Wheel had some role before CBP does not create a legally protectable interest that creates a right for Asia Wheel to intervene here.

Thus, Asia Wheel has failed to allege that it has any legally protectable interest for purposes of Rule 24(a)(2) intervention by right. As this Court has found in many other cases, the type of economic interest Asia Wheel does allege is not an

interest that gives rise to a right to intervene. The second factor for intervention by right under the *Wolfsen* test is not meet here.

### b. <u>Asia Wheel Will Not Gain or Lose by Direct Legal Operation and Effect of any Judgment</u>

Next, Asia Wheel fails to show that it would gain or lose by direct legal operation of any judgement by the Court here, as required under the third *Wolfsen* factor. Asia Wheel simply claims, without any supporting argument, that "the disposition of this action may impair and impede Asia Wheel's ability to protect {its} interest." *Asia Wheel Motion* at ¶ 11. But as explained in the section above, the economic injury Asia Wheel claims is due to the actions and choices of parties other than CBP. The Court's decision here would not ***directly*** have any effect on transactions that Asia Wheel claims occurred at some point in the past.

The interest claimed for intervention by right must be "a direct, non-contingent interest;" other interests are "not the kind of interests protected by the rule." *Wolfsen*, 695 F.3d at 1315. "Intervention is proper only to protect those interests which are 'of such a *direct* and *immediate* character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.'" *Am. Mar. Transp.*, 870 F.2d at 1561 (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980); emphasis CAFC's).

For example, in *American Maritime Transport*, the CAFC held that a cargo carrier's interest in avoiding subsidized competition if the government were to award a subsidy to a competing carrier was "both indirect and contingent;" as that competition would occur "only if each and every one of a chain of other possible, but

11

not certain, events were to take place." *Am. Mar. Transp.*, 870 F.2d at 1562. That is, customers would still have to decide which carrier to give their business to, and indeed whether to give any business at all. *Id.*

Likewise, regarding domestic producers' claims that this Court's decisions in cases challenging agency determinations on exclusions for certain products from Section 232 duties would affect them because importers would not be induced to purchase domestic goods rather than the imports, this Court has pointed out that any such effect on the domestic producers "would instead be both indirect and contingent, resulting not from the direct effect of the judgment, but instead from Plaintiffs' choice to purchase from the proposed intervenors rather than completing the imports." *N. Am. Interpipe*, 519 F. Supp. 3d at 1326. Such an indirect and contingent effect did not give rise to a right to intervene. *Id.* at 1326-27. In another case, this Court again stated that even "assuming {the domestic producer} will indeed lose an advantage as a result of a ruling… that harm is both economic and indirect." *NLMK Pennsylvania, LLC v. United States*, 553 F. Supp. 3d 1354, 1361 (Ct. Int'l Trade 2021).

Here, any decision by the Court on the challenged EAPA investigations would have no direct impact on the economic interests claimed by Asia Wheel. Even if the Court were to hold against CBP's determination of evasion in some way, the direct outcome would only be the refund of any antidumping and countervailing duties paid by the importers on certain entries they made in the past. If, on the other hand, the Court affirms CBP's determination, those importers will not receive those

refunds and may have to pay such duties on any of the investigated entries that have not yet been liquidated. Asia Wheel would neither benefit nor lose by any direct legal operation of either decision. What actions other parties may or may not take in the future whatever the Court's determination will be both indirect and contingent at best. Plus, neither outcome would have any effect whatsoever on the prior lost sales and returns that are the only basis Asia Wheel claims for even an economic interest. The Court will not order Asia Wheel's other customers to go back and make purchases already forgone. As Asia Wheel lacks any direct, non-contingent interest in the outcome of this case, the third factor in the test for intervention by right is also not met here.

### c. <u>Asia Wheel Has Not Shown the Existing Representation Is Inadequate</u>

Turning to the fourth factor under *Wolfsen*, as with its other unsupported claims of some interest, Asia Wheel claims without providing any support that its supposed interest here "is not adequately represented by existing parties." *Asia Wheel Motion* at ¶ 11. Asia Wheel says no more on this point. Indeed, Asia Wheel avers instead that it "does not seek to expand the issues beyond those raised" by the existing parties. *Id.* at ¶ 15.

The CAFC has explained that the party seeking permissive intervention "***has the burden to make a compelling showing*** that its interests may not be adequately protected" by the participation of existing parties in the case. *Wolfsen*, 695 F.3d at 1316 (emphasis added); *see also N. Am. Interpipe*, 519 F. Supp. 3d at 1326 (stating the same). Indeed, "entry into a case ***is presumptively barred*** for an

intervenor whose specific litigation goals identically match those of an existing party," as its participation would not add any "material aspect to the case beyond what is already present." *Wolfsen*, 695 F.3d at 1318. "In such circumstances, denial of intervention will conserve scarce judicial resources with no danger to the movant's legal rights or interests." *Id.*

The CAFC has adopted a framework from the Ninth Circuit for analyzing the adequacy of representation. *See Wolfsen*, 695 F.3d at 1316. That three-part test considers (1) whether the existing parties "'will undoubtedly make all of a proposed intervenor's arguments;'" (2) "'whether the present party is capable and willing to make such arguments;'" and (3) "'whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Id.* (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)). "'If an applicant for intervention and an existing party share the same ultimate objective, *a presumption of adequacy of representation arises*.'" *Wolfsen*, 695 F.3d at 1316 (quoting *Citizens for Balanced Use*, 647 F.3d at 898). As this Court has recently stated, "a proposed intervenor *must establish the reasons* that the defendant will not adequately defend the position of the proposed intervenor." *Eregli Demir*, 639 F. Supp. 3d at 1259.

Asia Wheel has failed to meet its burden to show why the existing Plaintiffs might not adequately pursue their shared ultimate objective of having CBP's determination of evasion reversed. Asia Wheel has provided no reason to suspect at all that Plaintiffs would fail to do so for any possible reason, much less to provide a

compelling showing why the presumption of adequate representation of the shared ultimate objective is overcome in this instance. As the CAFC has pointed out, where such parties "have precisely the same motivation"—to see the same outcome of the case "for as many reasons as possible"—there does not exist "any reason" to conclude that the existing party will not pursue its interest "to the utmost, just as {the party seeking intervention} would do were it a party." *Wolfsen*, 695 F.3d at 1317. In such a case, there is not "any reason to expect that this litigation would proceed differently with {the proposed intervenor} as a party than without." *Id.*

As this Court has held, where the proposed intervenor "has not indicated that it will make any arguments distinct from" the existing parties, "its participation in the case will be duplicative and unnecessary." *Neo Solar Power Corp. v. United States*, 2016 WL 3390237, at *2 (Ct. Int'l Trade 2016); *see also PrimeSource Bldg. Prod., Inc. v. United States*, 494 F. Supp. 3d 1307, 1311 (Ct. Int'l Trade 2021) (rejecting intervention where the proposed intervenors had not "shown that they will be in a position to make arguments other than those the government has made, or will make"). As Asia Wheel points to no arguments that it would pursue that the existing Plaintiffs would not in seeking their shared objective, Asia Wheel again does not meet the requirements of Rule 24(a)(2) for intervention by right.

The only claims Asia Wheel makes of what it could add to these proceedings that the existing Plaintiffs could not is that "Asia Wheel is better positioned than the importers to elucidate the facts concerning Asia Wheel's manufacture of trailer wheels in Thailand" and that it was present during CBP's verification. *Asia Wheel*

*Motion* at ¶ 10. However, if Asia Wheel has information that is not available on the record to the existing parties, it would be highly inappropriate for it to present it to this Court only now. This Court has rejected such claims as a legitimate basis for intervention before.

When domestic producers seeking to intervene in Section 232 exclusion challenges argued that they were in the best position to address factual issues that had been before the agency about domestic production capacity, this Court pointed out that "the administrative records are closed," so any ability to address such questions would not add materially to the case. *N. Am. Interpipe*, 519 F. Supp. 3d at 1325, 1328. As "judicial review is confined to the existing administrative records in these matters," a proposed intervenor's ability to address evidentiary matters is entirely irrelevant to the question of intervention. *Id.* at 1328. The CAFC agreed, holding that such evidentiary abilities "are irrelevant since the administrative record is generally closed once before the judiciary." *California Steel Indus.*, 48 F.4th at 1344-45. "Without more, the proposed intervenors fail to show that their participation could add any material aspect beyond what is already present." *Id.* at 1345.

As Asia Wheel makes no showing that the representation by the existing parties is in any way inadequate or that Asia Wheel's participation is needed to present some argument to the Court—and as Asia Wheel's claim to have some information not available to other parties is entirely inapposite to the Court's review of a closed agency record—Asia Wheel also fails to meet the fourth factor of

the test for intervention by right under the second clause of Rule 24(a)(2) of this Court. As this Court has previously done with parties making the same types of claims of an indirect, economic interest in the outcome of a case, the Court here should find that Asia Wheel does not have a right to intervene.

## II.   Asia Wheel Fails to Meet the Requirements for Permissive Intervention As Well

Asia Wheel moves in the alternative that this Court grant it permissive intervention under USCIT Rule 24(b). *See Asia Wheel Motion* at 12. However, as was the case for Asia Wheel's claims of a right to intervene, Asia Wheel's motion shows that Asia Wheel does not meet the standards this Court has established for permissive intervention.

### a.   Asia Wheel Does Not Have a Conditional Right to Intervene

"Rule 24(b)(1) provides two pathways for permissive intervention." *N. Am. Interpipe*, 519 F. Supp. 3d at 1329. First, USCIT Rule 24(b)(1)(A) allows the Court to permit intervention by anyone who "is given a conditional right to intervene by a federal statute."

Asia Wheel claims that it has a conditional right to intervene under 28 U.S.C. § 2631(j)(1) and 5 U.S.C. § 702 because, Asia Wheel argues, "it could be adversely affected or aggrieved by the Court's disposition of CBP's affirmative determination as to evasion." *Asia Wheel Motion* at ¶ 13.

28 U.S.C. § 2631(j)(1) allows the Court to grant permissive intervention to a party "who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade." But

17

> a proposed intervenor seeking permissive intervention
> pursuant to 28 U.S.C. § 2631(j)(1) must demonstrate that
> (1) it is threatened with injury in fact (2) from a decision of
> the court (3) that is redressable by a ruling in favor of the
> party on whose side the proposed intervenor seeks to
> intervene.

*N. Am. Interpipe*, 519 F. Supp. 3d at 1329.

Additionally, this Court has held that the party seeking intervention bears

the burden of showing these conditions are met, and the failure to meet that burden

"defeats their invocation of Rule 24(b)(1)(A) and 28 U.S.C. § 2631(j)(1)." *N. Am.*

*Interpipe*, 519 F. Supp. 3d at 1330. The party seeking intervention ***must show how***

it would be "adversely affected or aggrieved" by a decision of the Court; simply

asserting that this is so is insufficient to support intervention. *See Eregli Demir*,

639 F. Supp. 3d at 1259 (Ct. Int'l Trade 2023) (disallowing intervention via 28

U.S.C. § 2631(j) when the party "asserts but does not explain how it would be

'adversely affected or aggrieved' by the court's decision on the merits in this

action.").

Asia Wheel does not make any such showing of how it would be adversely

affected or aggrieved by a decision of this Court. Instead, Asia Wheel argues that an

affirmation of CBP's EAPA determination would "deny {Asia Wheel} any relief

from" the economic harm Asia Wheel avers it has suffered due to the EAPA

investigations." *See Asia Wheel Motion* at ¶ 13. But as discussed above, the

economic harm Asia Wheel has claimed it suffered would have been due to

independent actions of its customers, not the direct actions of CBP. Asia Wheel fails

to explain how a decision by this Court on the duty rates its importers face on a

discrete set of entries of merchandise they had purchased from Asia Wheel in the past would give any relief to Asia Wheel on what Asia Wheels claims are sales that it already has lost. Whatever this Court's decision on the challenge by the existing Plaintiffs will be, Asia Wheel will owe no more and no less in duties to the U.S. government, as Asia Wheel was not one of the importers to whom the CBP's EAPA determination applies.

Nor will this Court's decision have any future impact on customers' decisions to purchase from Asia Wheel or not. CBP's EAPA determination applies only to the entries that fell under that consolidated investigation. Whether other merchandise produced by Asia Wheel will be subject to the antidumping and countervailing duty orders was not decided by CBP, but was decided by Commerce in its scope rulings on Asia Wheel's merchandise. Those scope rulings apply to all entries of such wheels from Asia Wheel, not only to those under CBP's EAPA determination. And Asia Wheel has independently been able to challenge Commerce's scope ruling before this Court. *See* Consol. CIT Case. No. 23-00096, *Asia Wheel Co., Ltd. et. al v. United States*. The Court's determination here will not decide the scope issue, so cannot impact future sales by Asia Wheel. This case will examine the proper treatment only of certain merchandise that has already entered the United States.

In *North American Interpipe*, this Court rejected claims of a threat of injury to a domestic steel producer sufficient for 28 U.S.C. § 2631(j)(1) when the competing imports that might receive reduced duties through a Court ruling had already entered the U.S. market. The Court explained that any competition between

domestic producers and the imports had already occurred, so the domestic producers could not be injured by a Court ruling that would only thereafter. *N. Am. Interpipe*, 519 F. Supp. 3d at 1331-32. "The Court's decision therefore would not cause any injury to {the proposed intervenor}." *Id.* at 1332. Likewise, in another case also addressing the possibility of reduced Section 232 duties, this Court also reasoned that "{t}he imports at issue have already entered and if {the plaintiff} succeeds in this case it will receive a refund." *NLMK Pennsylvania*, 553 F. Supp. 3d at 1363. As the party seeking to intervene failed to show that "this case would have an impact on anything other than the limited entries to which the Exclusion Requests relate," it failed "to show that it will be aggrieved or adversely affected" by any court decision. *Id.* at 1364.

Because Asia Wheel will not be affected or aggrieved by a decision of this Court in this case, it is not faced with injury in fact under 28 U.S.C. § 2631(j)(1). The conditions for permissive intervention under the first pathway under Rule 24(b)(1) are not met.

Further, 28 U.S.C. § 2631(j)(2) requires that this Court also consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." As addressed below, as Asia Wheel's participation in these proceedings would not materially add to the case in any way, the Court should find that *any* delay and prejudice to the existing parties who do have a statutory right to participate in this case would be undue, further enforcing the conclusion that Asia Wheel does not meet this Court's standards for permissive intervention.

20

**b. <u>Asia Wheels Does Not Have a Claim with a Question of Law or Facts in Common with the Plaintiffs</u>**

Turning to the second possible pathway for permissive intervention, Rule 24(b)(1)(B) allows the Court to permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." However, this Court has also set out requirements that a party seeking permissive intervention must meet:

> The court considers three factors with respect to a motion for permissive intervention under USCIT Rule 24(b)(1)(B): "a) whether the intervenor's {claim} has a question of law or fact in common with the { plaintiffs}; b) whether the application is timely; and c) 'whether the intervention will unduly delay or prejudice the adjudicative rights of the original parties.'"

*Eregli Demir*, 639 F. Supp. 3d at 1255 (quoting *Manuli Autoadesivi, S.p.A. v. United States*, 9 C.I.T. 24, 26 (1985)); *see also* USCIT R. 24(b)(1)(B) and 24(b)(3).

Regarding the first factor, this Court has stated that:

> As used in Federal Rule of Civil Procedure 24(b)(1)(B), and therefore by extension in this Court's counterpart, the "words 'claim{} or defense{}' ... 'manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit.'"

*N. Am. Interpipe*, 519 F. Supp. 3d at 1334 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). "In other words, 'claim or defense' in Rule 24(b)(1)(B) must be read in tandem with 'claim' in Rule 8(a)(2) and 'defense' in Rule 8(c)(1)(A)." *Id. See also PrimeSource*, 494 F. Supp. 3d at 1333–34 (Baker, J., concurring) (stating the same).

As Asia Wheel has no claim against the Defendant here arising from the EAPA investigation, it cannot have a claim that has any common questions of law or fact with the claims of the existing Plaintiffs. As detailed above, Asia Wheel was not a party to the investigation before CBP. Asia Wheel had no role in presenting argument in CBP's investigation or the administrative review. Under the statute, as only the exporter of the merchandise and not the importer responsible for paying any duties, Asia Wheel could not bring a claim challenging the EAPA determination. *See* 19 U.S.C. § 1517(g). While Asia Wheel claims that it could be "denied any relief" in the outcome of this case and that it "seeks similar relief" to the existing Plaintiffs, there is no such relief that ***Asia Wheel*** is denied or can seek before this Court. Asia Wheel only seeks relief for the existing Plaintiffs that Asia Wheel appears to believe may indirectly benefit it in the future. As Asia Wheel cannot bring any claim against the EAPA determination, Asia Wheel does not have a claim with questions of law or fact in common with the existing Plaintiffs' claims.

As this Court has explained regarding other pathways for intervention, allowing permissive intervention only because Asia Wheel would like to see the same outcome as the Plaintiffs, despite the fact that Asia Wheel has no possibility of bringing any independent claim on the matter itself, would open the door to all possible parties who might like to see the same outcome for any reason. "There is a long line of potential intervenors for every case in this Court if a mere indirect economic interest is enough to justify permissive intervention;" "I am not prepared to turn on that tap." *PrimeSource*, 494 F. Supp. 3d at 1335 (Baker, J., concurring).

22

USCIT Rule 24(b)(1)(B) creates a path for a party with a claim or defense, not for a party with only a desire to see some outcome. Asia Wheel does not have a claim with common questions of law or fact as required for intervention under USCIT Rule 24(b)(1)(B).

      c.  **The Delay and Prejudice that Would Result from the Requested Intervention Are Not Justified by Any Benefit of Adding Asia Wheel to this Case**

Finally, as noted above, the statute and Rule 24(b)(3) of this Court both require that the Court "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Likewise, Rule 1(a) of this Court requires that the Court always look to "the just, speedy, and inexpensive determination of every action." Asia Wheel claims without any further explanation that its intervention would not "unduly delay or prejudice the adjudication of the original parties' rights within the meaning of 28 U.S.C. § 2631(j)(2) or USCIT Rule 24(b)(3)." *Asia Wheel Motion* at ¶ 15. But Asia Wheel's claim is inconsistent with decisions of this Court, which have recognized that adding an additional party to a proceeding always brings *some* level of delay and prejudice.

"Additional parties always add additional time, effort, and expense." *Neo Solar*, 2016 WL 3390237, at *2. Allowing any parties with "tangential interests" in the outcome of a case "would only cause undue delay and prejudice to the present parties." *Id.* Granting Asia Wheel's intervention will necessarily increase the number of submissions and arguments existing parties will have to respond to "and, unavoidably, also cause delays." *PrimeSource*, 494 F. Supp. 3d at 1312.

Additionally, the delay and prejudice adding a proposed intervenor will cause should be weighed against what that intervenor proposes to bring to the case. "Simply mimicking" the claims of existing parties provides no weight on the side of intervention. *GreenFirst Forest Prod. Inc. v. United States*, 577 F. Supp. 3d 1349, 1357 (Ct. Int'l Trade 2022). As has been noted above, Asia Wheel has not only failed to show that it would bring any argument to the proceeding that the existing parties are unable or unwilling to raise, Asia Wheel's only claimed addition to the case—its knowledge of its own operations—is a point entirely inapposite to a court review of a closed agency record. Therefore, Asia Wheel only proposes to mimic the claims of existing parties. *See Asia Wheel Motion* at ¶ 15.

Thus, while there is certainly some delay and prejudice to the existing parties weighing against permitting Asia Wheel to intervene, there is nothing that could possibly be added by Asia Wheel's inclusion in this case to weighs on the side of granting permissive intervention. While the decision of how such considerations are to be weighed is certainly within the discretion of this Court, Defendant-Intervenor urges the Court to keep what fairly weighs on both sides of that question in mind.

## III.     Conclusion

As detailed above, Asia Wheel's claims of a past, purely economic interest is not a legally protectable interest that creates a right for Asia Wheel to intervene here. Nor has Asia Wheel shown that it will gain or lose by the direct action of any decision the Court makes here, or that existing representation in this case is in any way inadequate. Thus, Asia Wheel does not have a right to intervene under USCIT Rule 24(a)(2).

Likewise, Asia Wheel does not meet the requirements for permissive intervention under USCIT Rule 24(b). Asia Wheel will not be adversely affected or aggrieved by the decision of this Court on the challenged EAPA determination and lacks any conditional right to intervene under 28 U.S.C. § 2631(j)(1). Asia Wheel also lacks a claim of any type that it could bring regarding the EAPA determination challenged in this case, so does not have a claim that shares a common question of law or fact with the existing claims in this case as required by USCIT Rule 24(b)(1)(B). Finally, as Asia Wheel offers nothing but some level of delay and prejudice through its intervention, this Court should find that the conditions for allowing such intervention are not met here.

Accordingly, Defendant-Intervenor opposes Asia Wheel's motion to intervene.

Respectfully Submitted,

/s/ Nicholas J. Birch
Roger B. Schagrin
Nicholas J. Birch

SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001
*Counsel for Dexstar Wheel*

Dated: March 19, 2024

## UNITED STATES COURT OF INTERNATIONAL TRADE

DEXTER DISTRIBUTION GROUP LLC
F/K/A TEXTRAIL, INC., *ET AL.*,

     *Consolidated Plaintiffs,*

     *v.*

UNITED STATES,

     *Defendant,*

  *and*

DEXSTAR WHEEL DIVISION OF
AMERICANA DEVELOPMENT, INC.

     *Defendant-Intervenor.*

Consl. Court No. 24-00019

### ORDER

Upon consideration of the Motion to Intervene as Plaintiff-Intervenor filed by Asia

Wheel Co., Ltd., and upon consideration of all other papers and proceedings herein,

it is hereby

  **ORDERED** that the motion is **DENIED.**

  **SO ORDERED.**

      _____

       GARY S. KATZMANN, JUDGE

Dated: _____, 2024
  New York, New York