**UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE**

| | |
|---|---|
| DEXTER DISTRIBUTION GROUP LLC F/K/A TEXTRAIL, INC., *ET AL.*,<br><br>*Consolidated Plaintiffs,*<br><br>v.<br><br>UNITED STATES,<br><br>*Defendant,*<br><br>and<br><br>DEXSTAR WHEEL DIVISION OF AMERICANA DEVELOPMENT, INC.<br><br>*Defendant-Intervenor.* | Consol. Court No. 24-00019 |

**DEFENDANT-INTERVENOR'S RESPONSE TO LIONSHEAD'S MOTION TO AMEND PRELIMINARY INJUNCTION**

Pursuant to Rule USCIT Rule 7(d), Defendant-Intervenor Dexstar Wheel Division of Americana Development, Inc. ("Dexstar" or "Defendant-Intervenor") hereby responds to the September 26, 2024 motion made by consolidated plaintiff Lionshead Specialty Tire and Wheel LLC ("Lionshead") asking the Court to amend the preliminary injunction issued in the now-consolidated Case No. 24-00020. *See Plaintiff Lionshead Specialty Tire and Wheel's Motion to Amend Preliminary Injunction* (Sept. 26, 2024) (ECF No. 40).

In the injunction in question, the Court enjoined U.S. Customs and Border Protection ("CBP") from liquidating entries of certain steel wheels entered by Lionshead that had been subject to CBP's Enforce and Protect Act ("EAPA") determination that is challenged in these consolidated cases. *See id.* at 2. Lionshead asks the Court to amend the injunction so that CBP may liquidate certain wheels

subject to the EAPA determination that Lionshead argues the Department of Commerce ("Commerce") has found to be outside the coverage of the applicable antidumping and countervailing duty orders. *Id.* at 2-3.

As described in Lionshead's motion, Commerce's scope determination examined wheels produced in Thailand by Asia Wheel Co., Ltd. ("Asia Wheel") under three methods (Methods A, B, and C) and found that the "Method B" wheels (where both component parts of the wheel (the rim and disc) were produced in Thailand) were outside the scope of the orders. *See id.* at 4-5; *see also Final Scope Ruling: Asia Wheel's Steel Wheels Processed in Thailand (Asia Wheel)* (Dep't Commerce April 11, 2023) (PD[1] No. 109) at 54. However, due to concerns of circumvention of the orders, Commerce also put into place a certification requirement for all entries of Method B wheels to be entered as outside the scope of the orders. *See* PD No. 109 at 53.

In its motion, Lionshead claims that certain of its entries that were subject to the EAPA investigations were in fact Method B wheels, and that it has sought liquidation of those entries following the preliminary injunction in question, having now supplied CBP with the requisite Method B production certifications. *See* Lionsehead's Motion (ECF No. 40) at 6. Having been denied liquidation of those entries by CBP due to the Court's injunction on all of Lionshead's entries that were subject to the EAPA investigation, Lionshead now asks the Court to amend the injunction to allow liquidation of the claimed Method B wheels. *Id.* at 6, 9. Lionshead argues that "{t}he injunction in this case clearly does not enjoin the liquidation of

---

[1] Items on the public administrative record are referred to in this response by "PD" and the index number.

entries of Method B wheels," but only, Lionshead reasons, wheels "that were subject to CBP's…EAPA investigation…." *Id.* at 6. Thus, Lionshead argues, CBP's reading of the injunction is mistaken and Lionshead's entries of Method B wheels could not have been subject to the EAPA investigations and so should be liquidated. *See id.* at 6-7.

But entirely absent from Lionshead's motion is a central fact that cannot be overlooked when considering Lionshead's request: CBP specifically and repeatedly found that *none* of the wheels in the entries subject to the EAPA investigation were Method B wheels.

During its investigations, CBP responded to various challenges by Lionshead and the other subject importers by pointing out that CBP found that the record contained no evidence that any of the wheels under investigation were Method B wheels. In its EAPA determination, CBP's Trade Remedy Law Enforcement Directorate ("TRLED") held that

> The record does not support any claim as the record contains no information establishing that the Importers' entries of steel trailer wheels from Asia Wheel consisted of any products made under Production Method B, including the requisite certifications specified by Commerce. As such, CBP determined that all the Importers' entries of steel trailer wheels that were manufactured under Production Methods A and C and are thus subject to the Orders.

*Notice of Determination as to Evasion - EAPA Consolidated Case Number 7459* (TRLED Aug. 7, 2024) (PD No. 129) at 17. Later in the determination, TRLED repeated that finding:

> None of the Importers certified that any of their entries of steel trailer wheels consisted of out-of-scope merchandise (*i.e.*, steel trailer wheels made under Production Method B) in accordance with the instructions set forth by Commerce.

3

*Id.* at 26.

In its administrative review determination, CBP's OFFICE of Regulations and Rulings ("RR") was even more clear when it made the same finding:

> Moreover, the Importers did not submit certifications or other evidence to TRLED or assert in their requests for review to RR that the merchandise they imported was manufactured via Production Method B and therefore, was not within scope of the Orders. Therefore, per Commerce's Final Scope Ruling, the merchandise falls within the scope of the Orders.

*Administrative Review of Determination of Evasion* (RR Dec. 15, 2023) (PD No. 146) at 14.

Thus, the importers, including Lionshead, made no claims to the agency at any point that any of the wheels under investigation were Method B wheels, and certainly offered no evidence to support such a claim. Therefore, both TRLED and RR held that all the wheels subject to the EAPA investigations were subject Method A or Method C wheels.

In its motion, Lionshead claims that it entered Method B wheels between July 2, 2019 and June 16, 2020. ECF No. 40 at 5-6. In the interim measures taken in the EAPA investigations, CBP suspended liquidation of steel trailer wheels from Thailand by the three importers under investigation entered on or after April 9, 2020 and extended the period for liquidating prior entries that were yet unliquidated. *See Notice of initiation of investigation and interim measures taken as to Lionshead Specialty Tire and Wheel LLC; Tex Trail LLC; and Trailstar LLC concerning evasion of the antidumping and countervailing duty orders on steel trailer wheels from China* (CBP July 15, 2020) (PD No. 25) at 8. Thus, it appears that the entries Lionshead

4

references and seeks to have liquidated were indeed subject to the EAPA investigations. Further, the preliminary injunction Lionshead seeks to amend only enjoins liquidation of entries that were subject to the EAPA investigations. If the entries were not subject to the EAPA investigations, CBP would not be enjoined from liquidating them.

While Lionshead in its motion here claims that the entries it seeks to have liquidated were not subject to EAPA investigations (*see* ECF No. 40 at 6-7), that is only Lionshead's conclusion that the entries should not have been so subject based on its claims now that these were Method B wheels. Lionshead makes no showing that these entries were in fact not covered by CBP's investigations or were not considered in CBP's determinations. And as repeatedly was stated in CBP's determinations, CBP found that none of the subject entries were of Method B wheels.

Neither Lionshead nor any other party presented any argument or evidence before CBP that the EAPA investigations in fact included Method B wheels. And neither Lionshead nor any other party challenged CBP's findings that no entries under investigation were Method B wheels when given opportunities to present such claims to the agency. *See* 19 C.F.R. § 165.41(f)(5) (requiring that a party seeking an administrative review of an EAPA determination present all its arguments to RR in its request for an administrative review); *see also, e.g.*, *Aspects Furniture Int'l, Inc. v. United States*, 607 F. Supp. 3d 1246, 1264 (Ct. Int'l Trade 2022) (holding that a party had not waived its arguments under 19 C.F.R § 165.41(f)(5) because it had sufficiently stated them in its request for an EAPA administrative review). Likewise, absent from

Lionshead's (or any other plaintiff's in these consolidated cases) complaint is any mention of a challenge to CBP's findings that none of the wheels subject to the EAPA investigations were Method B wheels. *See Lionshead's Complaint* (Court No. 24-00020 ECF No. 4) (the term "Method B" does not even appear in Lionshead's complaint).

Why Lionshead's motion to amend the preliminary injunction to release some wheels subject to the EAPA determination as Method B wheels does not inform the Court that CBP had explicitly held that no wheels that were subject to the EAPA determination were Method B wheels is unclear. However, the practical effect of the amendment that Lionshead seeks would be to have the Court direct CBP to reverse that aspect of the agency determination. The Court cannot order that entries of Method B wheels be released from the injunction and liquidated as outside the EAPA determination without first determining that some of the entries subject to the EAPA investigation were in fact Method B wheels. That determination that would require the Court to overturn the contrary factual determination made by CBP.

If it were to do so, the Court would effectively overturn the agency's finding regarding what types of wheels were subject to the EAPA investigation without that finding ever being openly challenged at any level by any party and having heard no argument on whether that agency determination should be affirmed or rejected by the Court. This Court should not so ignore the lawful steps that must be followed by a party who seeks to have an agency determination overturned.

As this Court is aware, a plaintiff must exhaust all administrative remedies by timely presenting all issues to the agency before seeking relief on those issues from this Court. *See* 28 U.S.C. § 2637(d); *Dorbest Ltd. v. United States*, 604 F.3d 1363, 1375 (Fed. Cir. 2010) (the "failure to raise its issue in its administrative case brief constituted a failure to exhaust administrative remedies"). While there are some exceptions to the Court's application of that rule (such as futility or where the question is one of law only, not fact), none of those exceptions apply here. Instead, no challenge to the holding that no Method B wheels were under investigation was ever presented to CBP. Moreover, challenges to an agency's actions that are not included in a timely field complaint are rejected by this Court. *See, e.g.*, *Zhaoqing Tifo New Fibre Co. v. United States*, 256 F. Supp. 3d 1314, 1327 (Ct. Int'l Trade 2017) ("finality attaches to all aspects of a final determination except those that are challenged in a timely-filed complaint"); *Pirelli Tyre Co. v. United States*, 539 F. Supp. 3d 1257, 1262 (Ct. Int'l Trade 2021) ("The scope of any litigation is confined to the issues raised in a plaintiff's complaint."). No such challenge was raised in any complaint here.

As the amendment Lionshead seeks to have made to the preliminary injunction would have the practical effect of having the Court overturn a determination by CBP when that determination has not been challenged before CBP or before the Court, the Court should reject Lionshead's motion. Had Lionshead wished to have some of its entries removed from the EAPA investigations as out-of-scope Method B wheels, its once open opportunity to raise that issue has now long

7

since passed. There is no backdoor for Lionshead to now obtain the same relief from a Court caught unaware of the facts of the issue.

Accordingly, Defendant-Intervenor respectfully opposes Lionshead's motion to amend the preliminary injunction. A proposed order to that end is attached.

Respectfully Submitted,

/s/ Nicholas J. Birch
Roger B. Schagrin
Nicholas J. Birch

SCHAGRIN ASSOCIATES
900 Seventh Street, N.W.
Suite 500
Washington, D.C. 20001
*Counsel for Dexstar Wheel*

Dated: October 15, 2024

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| DEXTER DISTRIBUTION GROUP LLC F/K/A TEXTRAIL, INC., *ET AL.*,<br>   *Consolidated Plaintiffs,*<br>    v.<br>UNITED STATES,<br>   *Defendant,*<br>   and<br>DEXSTAR WHEEL DIVISION OF AMERICANA DEVELOPMENT, INC.<br>   *Defendant-Intervenor.* | Consol. Court No. 24-00019 |

### **ORDER**

Upon consideration of the motion of consolidated Plaintiff Lionshead Specialty Tire and Wheel LLC to amend the preliminary injunction enjoining liquidation of entries subject to the underlying Enforce and Protect Act ("EAPA") determination, and upon consideration of all other papers and proceedings herein, it is hereby

  **ORDERED** that the motion is **DENIED.**

  **SO ORDERED.**

                     _____
                     GARY S. KATZMANN, JUDGE

Dated: _____, 2024
  New York, New York