UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE GARY S. KATZMANN

| | |
|---|---|
| LIONSHEAD SPECIALTY TIRE AND WHEEL LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant <br><br> DEXSTAR WHEEL DIVISION OF AMERICANA DEVELOPMENT, INC. <br><br> Defendant-Intervenor. | Consol. Court No. 24-00019 |

# **ORDER**

Upon consideration of LIONSHEAD SPECIALTY TIRE AND WHEEL LLC's ("Plaintiff" or "Lionshead") Consent Motion to Amend the Preliminary Injunction in this case, and other papers and proceedings herein, it is hereby:

**ORDERED** that Plaintiff's Consent Motion to Amend the Preliminary Injunction is **GRANTED**; and it is further

**ORDERED** that the Preliminary Injunction does not enjoin the liquidation of entries of steel trailer wheels 12 to 16.5 inches in diameter from Thailand that were determined by the U.S. Department of Commerce ("the Department" or "Commerce") to fall outside the scope of the antidumping and countervailing duty orders in Case Nos. A-570-090 and C-570-091 ("AD/CVD

orders"), the so-called Method B wheels, in the scope ruling issued by the Department on April 11, 2023 ("Scope Ruling").

**SO ORDERED**.

Dated: _____, 2024          _____
      New York, New York                               Gary S. Katzmann, Judge

**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE: THE HONORABLE GARY S. KATZMANN**

| | |
|---|---|
| LIONSHEAD SPECIALTY TIRE AND WHEEL LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant <br><br> DEXSTAR WHEEL DIVISION OF AMERICANA DEVELOPMENT, INC. <br><br> Defendant-Intervenor. | Court No. 24-00019 |

**PLAINTIFF LIONSHEAD REPLY CONCERNING MOTION TO AMEND PRELIMINARY INJUNCTION**

On September 26, 2024, Plaintiff LIONSHEAD SPECIALTY TIRE AND WHEEL LLC ("Plaintiff" of "Lionshead") filed a Motion to Amend Preliminary Injunction on the basis that Method B wheels are outside the scope of the underlying antidumping and countervailing duty orders for Case Nos. A-570-090 and C-570-091, and thus should not be enjoined in the injunction suspending liquidation. (ECF 40). On October 15, 2024, Defendant-Intervenor Dextar Wheel Division of Americana Development, Inc.'s ("Defendant-Intervenor") filed a Response to Plaintiff's Motion to Amend, articulating its opposition to Plaintiff's Motion. (ECF 41). On October 22, 2024, Plaintiff requested, and the Court granted, leave for Plaintiff to file a Reply.

### I. Application of the Current Injunction Is Inequitable

The continued suspension of liquidation for Lionshead's Method B wheels by U.S. Customs and Border Protection ("Customs" or "CBP") is inequitable and contrary to the language of the Preliminary Injunction. A plain reading of the Preliminary Injunction (ECF 16)

3

and the underlying agency determinations show that Method B wheels imported by Plaintiff are not, and have never been, enjoined in the Preliminary Injunction because the Method B wheels were *not* "covered merchandise" subject to the Enforce and Protect Act ("EAPA") as a matter of law. Plaintiff's request to amend the Preliminary Injunction seeks only to clarify the meaning of the injunction, rather than to introduce a material change to the injunction itself. The Preliminary Injunction enumerates four (4) factors that must be satisfied for an entry to be enjoined from liquidation. If any of the four factors are not satisfied, the relevant entry should not be enjoined from liquidation. The first factor requires that the entry be of steel trailer wheels from Thailand that:

> (1) were subject to CBP's Enforce and Protect Act ("EAPA") investigation in consolidated case number 7459, Enforcement Operations Division, Trade Remedy & Law Enforcement Directorate, Office of Trade, re: Notice of Determination as to Evasion – EAPA Consolidated Case Number 7459 ("TRLED Determination"), and the subsequent *de novo* Administrative Review Determination in EAPA Consolidated Case No. 7459, Office of Trade Regulations & Rulings (Dec. 15, 2023) ("Dec. 15, 2023 RR Final Decision");

Preliminary Injunction at 1-2 (ECF 16). For reasons detailed below, Plaintiff's entries of Method B wheels do not satisfy this criterion because Method B wheels were not, at any point, subject to CBP's EAPA Cons. Investigation 7459 as a matter of law.

For as long as Lionshead's Method B wheels remain in suspended status, contrary to the plain language of the Preliminary Injunction, Lionshead remains unable to clear the bonds that were required to enter such merchandise. This means that Lionshead must maintain sufficient collateral to cover $4.2 million of bonds for unliquidated entries. Maintaining this collateral is unjustly burdensome for Lionshead as it causes a significant drain on the company's cash flow and prevents the company from making other use of the collateral until the bonds are cleared. A

detailed explanation of Lionshead's bond requirements can be found in its September 25, 2024, Motion at 6-8 (ECF 40).

The interpretation of the Preliminary Injunction by Customs is inequitable because the agency is preventing liquidation of entries that do not conform to the language of the Preliminary Injunction itself. Amendment to the Preliminary Injunction is necessary to clarify that the non-covered Method B wheels should be liquidated pursuant to the language of the Preliminary Injunction. Liquidation of these entries will allow Lionhead's surety to clear the $4.2 million of related entry bonds, which will release Lionshead from its obligation to maintain collateral for these bonds.

## II.   The Suggested Amendment Would Not Reverse a Customs Determination

The suggested amendment to the Preliminary Injunction would not reverse a Customs determination because Method B wheels were not "covered merchandise" subject to the EAPA Cons. Investigation 7459 as a matter of law. With this in mind, Plaintiff agrees with the "central fact" highlighted by Defendant-Intervenor that "none of the wheels in the entries *subject to* the EAPA investigation were Method B wheels." Defendant-Intervenor's Response at 3 (ECF 41) (emphasis added). Plaintiff agrees with Defendant-Intervenor's statement that "{i}f the entries were not subject to the EAPA investigations, CBP would not be enjoined from liquidating them." *Id*. at 5. Indeed, this is the precise reason that Plaintiff seeks to amend the Preliminary Injunction – to clarify that Method B wheels were not subject to the EAPA investigations and thus must be liquidated. Notably, Defendant, the United States, consented to Plaintiff's Motion to Amend (ECF 40); only Defendant-Intervenor objects to the proposed amendment.

### a. Method B Wheels Not Subject to EAPA Investigation as a Matter of Law

The core of the present dispute stems from various statements by Defendant-Intervenor that are factually incorrect or otherwise flawed. Defendant-Intervenor errs by claiming that "the entries Lionshead references and seeks to have liquidated were indeed subject to the EAPA investigations." Defendant-Intervenor's Response at 4-5 (ECF 41). Defendant-Intervenor is incorrect as a matter of law.

Method B Wheels are not, and were not, subject to EAPA Cons. Investigation 7459 as a matter of law. Customs' EAPA authority is limited by statute to investigating only such merchandise that is subject to antidumping or countervailing duty orders. 19 U.S.C. § 1517(b)(1) ("{T}he Commissioner shall initiate an investigation if the Commissioner determines that the information provided in the allegation or the referral, as the case may be, reasonably suggests that covered merchandise has been entered into the customs territory of the United States through evasion."); 19 U.S.C. § 1517(a)(3) (defines covered merchandise as "merchandise that is subject to – (A) an antidumping duty order issued under section 1673e of this title; or (B) a countervailing duty order issued under section 1671e of this title.").

Two distinct legal inquiries are available to determine whether merchandise is subject to an existing antidumping or countervailing duty order. *U.K. Carbon and Graphite Co., Ltd. v. U.S.*, 931 F.Supp.2d 1322, 1328 (Ct. Int'l Tr. 2013). First, a scope inquiry, in which the Department of Commerce ("Commerce") analyzes whether a particular product is included within the written scope of an order. 19 C.F.R. § 351.225(k). Second, a circumvention inquiry can be used to determine whether a product that falls *outside* of an order's literal scope should nonetheless be included within the scope to prevent circumvention of the order. 19 U.S.C. § 1677j; 19 C.F.R. § 351.225(g-j). By contrast, an evasion proceeding is limited to determining

whether "covered merchandise" subject to an order was entered into U.S. customs territory through evasion. 19 U.S.C. § 1517(c)(1).

If, during the course of an EAPA investigation, Customs "is unable to determine whether the merchandise at issue is covered merchandise within the meaning of section 517(a)(3) of the Act, it shall refer the matter to the Secretary {of Commerce} to make such a determination (referred to herein as a 'covered merchandise referral')." 19 C.F.R. § 351.227(a); 19 U.S.C. § 1517(b)(4)(B). When the Secretary of Commerce issues a negative final covered merchandise determination that the product at issue is not covered by the scope of the order and is not otherwise suspended due to another segment of a proceeding, such as a circumvention inquiry, the Secretary will direct Customs to terminate the suspension of liquidation and refund any cash deposits for such entries. 19 C.F.R. § 351.227(l)(4).

In the underlying EAPA Cons. Investigation 7459, as noted by Defendant-Intervenor, Customs published a *Notice of initiation of investigation and interim measures taken as to Lionshead Specialty Tire and Wheel LLC; Tex Trail LLC; and Trailstar LLC concerning evasion of the antidumping and countervailing duty orders on steel trailer wheels from China* (CBP July 15, 2020) (PD No. 25). Defendant-Intervenor's reliance on this notice, however, is critically inadequate and fails to establish that Plaintiff's imports of Method B wheels were covered merchandise, subject to Customs' investigative authority under EAPA. *See* Defendant-Intervenor's Response at 4-5 (ECF 41). Following this notice, Customs made a covered merchandise referral to Commerce, which means that Customs itself was unable to determine whether all of the merchandise at issue was covered merchandise subject to an EAPA investigation pursuant to 19 U.S.C. § 1517(a)(3). *See* 19 C.F.R. § 351.227(a).

7

On April 11, 2023, Commerce completed a scope inquiry and determined that Method B wheels were not subject to the antidumping or countervailing duty orders on Certain Steel Wheels (12 to 16.5 inches in diameter) from the People's Republic of China. Moreover, Commerce explained that it "intended to use the final determination in this case {the scope inquiry} as a basis to respond to the covered merchandise referral (CMR) from U.S. Customs and Border Protection (CBP). . . ." *Final Scope Ruling* at 1 (Apr. 11, 2023) (internal citation omitted) (PD 109).

The final scope determination by Commerce, which was also used as the covered merchandise determination requested by Customs, established that Method B wheels were outside of the scope of the orders, while Methods A and C wheels were within the scope of the orders. As a result, the Method B wheels did not constitute "covered merchandise" subject to the Custom's EAPA Cons. Investigation 7459 as a matter of law. 19 U.S.C. § 1517(b)(1) (explaining the EAPA investigative authority); 19 U.S.C. § 1517(a)(3) (defining "covered merchandise"). On May 18, 2023, Commerce issued instructions to Customs, instructing it to terminate the suspension of liquidation and to liquidate entries of products not within scope of the orders. *See Final Scope Ruling* at 55 (Attachment) (PD 109), *and* Customs Message Nos. 3138402 (CVD) and 3138405 (AD) *available at* trade.cbp.dhs.gov/ace/adcvd/adcvd-public/#. Despite these instructions, Customs denied Lionshead's February 15, 2024, request for liquidation of Method B wheels on the flawed basis that such wheels were enjoined by the Preliminary Injunction in these consolidated appeals. The continued suspension of Method B wheels is improper because the entries of Method B wheels do not satisfy the first criterion of the Preliminary Injunction, enjoining entries that "were subject to CBP's Enforce and Protect Act ('EAPA') investigation in consolidated case number 7459." Preliminary Injunction at 1-2 (ECF

16). For these reasons, Plaintiff respectfully requests that the Court amend the Preliminary Injunction to clarify that Method B wheels are not enjoined from liquidation.

### b. Response to Defendant-Intervenor's Errant Statements

First, Defendant-Intervenor appears perplexed that neither Lionshead nor other Plaintiffs in these consolidated appeals challenged CBP's findings that none of the wheels subject to the EAPA investigations were Method B wheels. Defendant-Intervenor's Response at 5-6 (ECF 41). Defendant-Intervenor goes so far as to claim that,

> {t}he Court cannot order that entries of Method B wheels be released from the injunction and liquidated as outside the EAPA determination without first determining that some of the entries subject to the EAPA investigation were in fact Method B wheels. That determination would require the Court to overturn the contrary factual determination made by CBP.

Defendant-Intervenor's Response at 6 (ECF 41). Defendant-Intervenor also suggests that Plaintiff's Motion claims that "certain of its entries *that were subject to the EAPA investigations* were in fact Method B wheels. . . ." Defendant-Intervenor's Response at 2 (ECF 41) (emphasis added). These arguments are incorrect.

Plaintiff's Motion, if granted, does not require the Court to determine that entries of Method B wheels were subject to the EAPA investigation. Indeed, the Court should not make such a finding. Defendant-Intervenor is wrong to suggest that Plaintiff claims that entries of Method B wheels were subject to the EAPA investigations. To the contrary, for the reasons explained above and as Plaintiff has consistently maintained, "the Method B wheels were not subject to CBP's EAPA investigation and are not subject to the injunction." Plaintiff's Motion at 6 (ECF 40). The Notice of Determination as to Evasion also expressly states that "{t}railer wheels manufactured in Thailand using Production Method B are not subject to the scope of the Orders." PD 129 at 11 (ECF 26).

9

With this in mind, it is both expected and reasonable that Plaintiffs' appeals focus only on Method A and Method C wheels; Lionshead, for example, agrees with Commerce's determination that Method B wheels were out-of-scope. *See* Lionshead Motion to Amend Preliminary Injunction at 4 (ECF 40) ("In this action, plaintiffs challenge only the Commerce determinations that the Method A and Method C wheels are within the scope of the AD/CVD orders. . . . CBP acknowledged that the Method B wheels are not within the scope of its EAPA decision."). Simply put, Lionshead agrees with Commerce's underlying determination that Method B wheels were out-of-scope and, thus, were not subject to CBP's EAPA Cons. Investigation 7459. Lionshead respectfully directs the Court to Defendant-Intervenor's prior statement that "{i}f the entries were not subject to the EAPA investigations, CBP would not be enjoined from liquidating them." Defendant-Intervenor's Response at 5 (ECF 41).

Second, there were no certification requirements for Lionshead's entries of Method B wheels because all of Lionshead's Method B entries pre-date the certification requirements. *Contra* Defendant-Intervenor's Response at 2-3 (ECF 41). Certification requirements applied only to Method B wheels that were entered on or after March 22, 2021. *See Final Scope Ruling* at 56, para. 9a.(i) ("For entries. . . on or after 03/22/2021 (the date of initiation of this scope inquiry)") (PD 109). Plaintiff's Method B wheels entered between July 2, 2019, and June 16, 2020. Any assertion that Plaintiff failed to meet certification requirements for entries of these Method B wheels that pre-dated March 22, 2021, is therefore incorrect and without merit.

Notwithstanding the foregoing, Plaintiff has sought to be reasonable and forthcoming as it seeks to resolve the ongoing inequity caused by prolonged suspension of its Method B wheels. For example, in Plaintiff's February 15, 2024, liquidation request to Customs, Plaintiff expressly stated that any mixed entries "including both Method B wheels and Methods A or C wheels were

excluded from {its} request." Plaintiff's Motion at 5 (ECF 40). As a sign of good faith, Plaintiff also provided with its request certifications for all of its Method B entries, *even though no such certifications were required.* Similarly, Plaintiff's present Motion to Amend the Preliminary Injunction before this Court is limited in nature in that it seeks only to clarify that the entries of Method B wheels, which are out-of-scope and entered prior to certification requirements, do not satisfy the first criterion of the Injunction; these wheels were not covered merchandise subject to the EAPA investigation. Any description that the certifications provided by Plaintiff were "requisite," or any suggestion that Plaintiff should now be penalized for failure to provide certifications at an earlier stage, is without merit.

### III.     Request for Relief

In light of the inequity faced by Plaintiff through continued, unlawful, suspension of liquidation of its Method B entries, Plaintiff respectfully asks the Court to grant its Motion to Amend the Preliminary Injunction in this matter so as to clarify that Lionshead's entries of Method B wheels, determined by Commerce to fall outside the scope of the orders and not subject to certification requirements, were not subject to the EAPA investigation as a matter of law. As a result, Lionshead's entries of Method B wheels are not enjoined by the language of the Preliminary Injunction in the suspension of liquidation for certain steel trailer wheels.

                                  Respectfully submitted,

                                  /s/ Robert Kevin Williams
                                  Robert Kevin Williams
                                  Mark Rhett Ludwikowski
                                  Kelsey Christensen
                                  Sally Alghazali

                                  **Clark Hill PLC**
                                  130 E. Randolph Street, Suite 3900
                                  Chicago, IL 60601
                                  Telephone: (312) 985-5907

                                  *Counsel for Lionshead Specialty Tire & Wheel LLC*

Dated: November 5, 2024

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this submission complies with the word limitation requirement of not more than 3,500 words. The word count for this submission, as computed by Clark Hill's word processing system Microsoft Office Professional, is **2,517** words.

/s/ *R. Kevin Williams*
R. Kevin Williams

*Counsel for Lionshead Specialty Tire & Wheel LLC*

November 5, 2024

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was electronically filed on November 5, 2024, via the Court's ECF filing system, which automatically serves notice on counsel of record.

*/s/ R. Kevin Williams*
R. Kevin Williams

*Counsel for Lionshead Specialty Tire & Wheel LLC*

November 5, 2024