Slip Op. 24 -146

## UNITED STATES COURT OF INTERNATIONAL TRADE

DEXTER DISTRIBUTION GROUP LLC
F/K/A TEXTRAIL, INC.,

      Plaintiff,

    and

LIONSHEAD SPECIALTY TIRE AND
WHEEL LLC and TRAILSTAR LLC,

      Consolidated Plaintiffs,

    v.

UNITED STATES,

      Defendant,

    and

DEXSTAR WHEEL DIVISION OF
AMERICANA DEVELOPMENT, INC.,

      Defendant-Intervenor.

Before:  Gary S. Katzmann, Judge
Consol. Court No. 24-00019

## OPINION AND ORDER

[ The court denies Lionshead's motion to amend the preliminary injunction. ]

Dated: <u>December 19, 2024</u>

<u>Nancy A. Noonan</u>, <u>Leah N. Scarpelli</u>, <u>Yun Gao</u>, ArentFox Schiff LLP, of Washington, D.C., for Plaintiff Dexter Distribution Group LLC F/K/A Textrail, Inc.

<u>Robert K. Williams</u>, <u>Mark R. Ludwikowski</u>, <u>Kelsey Christensen</u>, and <u>Sally Alghazali</u>, Clark Hill PLC, of Chicago, IL, for Consolidated Plaintiff Lionshead Specialty Tire & Wheel LLC.

<u>Jordan C. Kahn</u>, Grunfeld Desiderio Lebowitz Silverman & Klestadt, LLP, of Washington, D.C., for Consolidated Plaintiff Trailstar LLC.

Monica Triana, Senior Trial Counsel, and Mathias Rabinovitch, Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, New York, N.Y., for Defendant United States. With them on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Aimee Lee, Assistant Director.

Nicholas J. Birch, and Roger B. Schagrin, Schagrin Associates, of Washington, D.C., for Defendant Intervenor Dexstar Wheel.

Katzmann, Judge: Before the court is a motion by Consolidated Plaintiff Lionshead Specialty Tire & Wheel LLC ("Lionshead") to amend a statutory preliminary injunction that currently suspends liquidation of entries of certain trailer wheels pending the outcome of litigation in this consolidated case. See Order Granting Consent Mot. for Prelim. Inj., Feb. 20, 2024, ECF No. 16 ("Prelim. Inj."). The court denies Lionshead's motion for the reasons explained below.

This case arises from antidumping and countervailing duty orders on certain steel trailer wheels imported from China, see Certain Steel Trailer Wheels 12 to 16.5 Inches from the People's Republic of China: Antidumping Duty and Countervailing Duty Orders, 84 Fed. Reg. 45952 (Dep't Com. Sept. 3, 2019) ("Orders"), and the U.S. Department of Commerce's ("Commerce") subsequent determinations that two types of trailer wheels ("Method A" and "Method C") are within the scope of the orders while another type ("Method B") is not. See Mem. from E. Begnal to J. Maeder, re: Final Scope Ruling at 2, 54, Case No. A-570-090, Bar Code: 4345353-01 (Dep't Com. Apr. 11, 2023); Mem. from E. Begnal to J. Maeder, re: Final Scope Ruling at 2, 54, Case No. C-570-091, Bar Code: 4364600-01 (Dep't Com. Apr. 11, 2023) (collectively "Final Scope Rulings"). In this consolidated case, Plaintiff Dexter Distribution Group LLC f/k/a TexTrail, Inc. ("Dexter") and Consolidated Plaintiffs Lionshead and Trailstar LLC (collectively "Plaintiffs") challenge CBP's final affirmative determination of evasion pursuant to the Enforce and Protect Act ("EAPA") related to Commerce's Final Scope Ruling determinations that the Method A and Method C wheels are within the scope of the Orders. See Compl., Jan. 30, 2024, ECF No. 4;

Lionshead's Mot. to Amend Prelim. Inj. at 5, Sept. 26, 2024, ECF No. 40 ("Mot. to Amend"). Dexter, with the consent of all parties, subsequently moved for a preliminary injunction enjoining the United States from liquidating entries of steel trailer wheels that are subject to U.S. Customs and Border Protection's ("CBP") challenged determination of evasion under the EAPA determination. See Pl.'s Consent Mot. for Prelim. Inj., Feb. 14, 2024, ECF No. 13; 19 U.S.C. § 1517. The court granted this motion and issued the requested preliminary injunction on February 20, 2024. See Prelim. Inj.

Lionshead now asks the court to amend the preliminary injunction "to not enjoin the liquidation of entries of steel trailer wheels . . . determined by [Commerce] to fall outside the scope of the antidumping and countervailing duty orders . . . ." Mot. to Amend at 1. Defendant-Intervenor Dexstar Wheel Division of Americana Development, Inc. ("Dexstar") opposes Lionshead's motion, arguing that "CBP specifically and repeatedly found that none of the wheels in the entries subject to the EAPA investigation were Method B wheels," and that any amendment that would have the effect that Lionshead seeks would "effectively overturn the agency's finding," that "no wheels that were subject to the EAPA determination were Method B wheels." Def.-Inter.'s Resp. in Opp'n to Mot. to Amend at 3, 6, Oct. 15, 2024, ECF No. 41 ("Def.-Inter.'s Resp."). Defendant the United States ("the Government") initially consented to Lionshead's motion. See Mot. to Amend at 3. However, the Government has since revoked its consent stating that it "did not appreciate that CBP had already determined in the EAPA proceeding that no entries that were subject to the investigation contained Method B wheels." Def.'s Resp. to Ct. Order at 5, Nov. 15, 2024, ECF No. 46 ("Def.'s Resp."); see also id. at 1–2. Lionshead's motion is denied because Lionshead fails to demonstrate changed circumstances that warrant the modification of the preliminary injunction.

**BACKGROUND**

On September 3, 2019, Commerce issued antidumping and countervailing duty orders on imports of certain steel trailer wheels from China and indicated that it would direct CBP to assess duties on subject merchandise at a published rate. See Orders. The scope of the Orders includes "rims, discs, and wheels that have been further processed in a third country, including, but not limited to, the painting of wheels from China and the welding and painting of rims and discs from China to form a steel wheel, or any other processing that would not otherwise remove the merchandise from the scope of the orders if performed in China." Id. at 45954. After providing notice of opportunity for interested parties to request and participate in administrative review of the final orders, "Commerce issues liquidation instructions, directing [CBP] to assess entries subject to the orders at the final published respective rates." Rimco Inc. v. United States, 98 F.4th 1046, 1050 (Fed. Cir. 2024).

On March 11, 2020, Dexstar, a domestic producer of steel trailer wheels, filed an EAPA allegation alleging that imports by TexTrail LLC, Trailstar LLC, and Lionshead were from the Chinese wheel producer Zhejiang Jingu Company Limited ("Jingu") and transshipped through Asia Wheel Co., Ltd. ("Asia Wheel"), Jingu's affiliate in Thailand.[1] See Mem. from A. Cipolla, re: Deemed Initiation of Scope Inquiry at 1, Case No. A-570-090, Bar Code: 4413501-01 (Dep't Com. Aug 7, 2023). The EAPA statute directs Customs to investigate allegations that "reasonably suggest[] that covered merchandise has been entered into the customs territory of the United States through evasion." 19 U.S.C. § 1517(b)(1); see also Diamond Tools Tech. LLC v. United States,

---

[1] Asia Wheel moved to intervene as Plaintiff-Intervenor. See Mot. to Intervene, Feb. 29, 2024, ECF No. 20. Defendant-Intervenor Dexstar opposes this motion to intervene. See Resp. in Opp'n to Mot. to Intervene, Mar. 19, 2024, ECF No. 28. Asia Wheel's motion to intervene has been stayed along with all proceedings in the present matter. See Order Granting Mot. to Stay, May 15, 2024, ECF No. 39.

45 CIT __, __, 545 F. Supp. 3d 1324, 1331–32 (2021).  During the investigation, Customs must determine whether there is "reasonable suspicion" of evasion, at which point Customs can impose interim measures, including suspension of liquidation. Id. at § 1517(e).  If Customs cannot make a final determination of evasion, the matter can be sent to Commerce through a covered merchandise referral.  See id. at § 1517(b)(4)(A).  Upon receiving the referral, Commerce "shall determine whether the merchandise is covered merchandise and promptly transmit that determination to the Commissioner."  Id.  at § 1517(b)(4)(B).

On December 17, 2020, CBP, unable to determine whether the wheels were subject to the Orders, referred the matter to Commerce in accordance with 19 U.S.C. § 1517(b)(4)(A).  See Certain Steel Wheels 12 to 16.5 Inches in Diameter from the People's Republic of China: Notice of Covered Merchandise Referral, 86 Fed. Reg. 10245 (Dep't Com. Feb. 19, 2021).  On March 22, 2021, Commerce initiated a formal scope inquiry pursuant to 19 C.F.R. § 351.225(e).  See Letter from B. Quinn to All Interested Parties, re: Initiation of Asia Wheel Scope Inquiry, Case No. A-570-090, Bar Code 4102055-01 (Dep't Com. Mar. 22, 2021).

Commerce issued final scope rulings on April 11, 2023, finding that trailer wheels manufactured by Asia Wheel in Thailand using discs produced in Thailand from circular steel plates from China or a third country, and rims produced in Thailand from rectangular steel plates from China or a third country, identified as Method B wheels, are not within the scope of the Orders.  See Final Scope Rulings at 2, 54.  Additionally, Commerce found that trailer wheels manufactured using other production methods identified as Method A and Method C are within the scope of the Orders.  See id.  Commerce implemented a certification requirement for importers to certify that their trailer wheels were Method B wheels, and thus out-of-scope.  See id. at 53.  On May 18, 2023, Commerce issued liquidation instructions directing CBP to terminate the

Consol. Court No. 24-00019                                                                Page 6

suspension of liquidation and liquidate entries of products not within scope.  See Message No. 3138405 from Dep't Com. to CBP, re: Antidumping Duty Liquidation Instructions, Case No. A-570-090, Bar Code: 4389884-01 (Dep't Com. May 18, 2023); Message No. 3138402 from Dep't Com. to CBP, re: Countervailing Duty Liquidation Instructions, Case No. C-570-091, Bar Code: 4389886-01 (Dep't Com. May 18, 2023).

In the present case, Plaintiffs challenge CBP's final affirmative determination of evasion pursuant to EAPA only related to Commerce's determinations that the Method A and Method C wheels are within the scope of the Orders.  See Compl., Jan. 30, 2024, ECF No. 4; Lionshead's Mot. to Amend Prelim. Inj. at 5, Sept. 26, 2024, ECF No. 40 ("Mot. to Amend"); Final Administrative Determination at 14, EAPA Consol. Case No. 7459 (Dec. 15, 2023) ("Final Admin. Decision"); Notice of Determination as to Evasion at 11, EAPA Consol. Case No. 7459 (Aug. 7, 2020) ("Determination of Evasion").  Dexter moved for, and the court granted, a consented-to preliminary injunction enjoining the United States from liquidating entries of steel trailer wheels that were subject to CBP's Enforce and Protect Act ("EAPA") determination that is challenged in these consolidated cases.  See Pl.'s Consent Mot. for Prelim. Inj., Feb. 14, 2024, ECF No. 13; Prelim. Inj.  On February 15, 2024, Lionshead requested liquidation of wheels it asserted were manufactured using Method B, and are therefore, it claims, outside the scope of the Orders.  See Mot. to Amend at 6.  CBP denied Lionshead's request and found that none of the wheels in the entries were Method B wheels.  See id.; Def.-Inter.'s Resp. at 3.  Lionshead now moves to amend the consented-to preliminary injunction to allow liquidation of trailer wheels that fall outside the scope of the Orders.  See Mot. to Amend at 1.

**DISCUSSION**

The "party moving for modification bears the burden of showing that changed circumstances, legal or factual, make the continuation of the injunction inequitable." AIMCOR Ala. Silicon, Inc. v. United States, 23 CIT 932, 938, 83 F. Supp. 2d 1293, 1299 (1999) (citing Sys. Fed'n No. 91, Ry. Emps.' Dep't, AFL-CIO v. Wright, 364 U.S. 642, 647 (1961)); see also Sea Shepherd N.Z. v. United States, 47 CIT __, __, 611 F. Supp. 3d 1406, 1409–10 ("Such a 'change in circumstances' may be established 'by showing either a significant change in factual conditions or law.'" (quoting 11A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2961 (3d ed. 2022)).

Lionshead fails to show any changed circumstances that justify modification of the preliminary injunction. Lionshead argues that "[t]he inequity in continuing the suspension or extension of liquidation of Lionshead's entries of Method B wheels . . . arises from the impact of the unliquidated entries on Lionshead's Customs bond." Mot. to Amend at 7. Lionshead also notes that "[t]he potential liability under these bonds and the collateralization required by the surety is significant." Id. at 8. This perhaps suggests that these impacts represent the relevant "changed circumstance[]" that warrants Lionshead's suggested amendment. AIMCOR, 23 CIT at 938, 83 F. Supp. 2d at 1299. But Lionshead does not explain how this (actual or potential) liability represents a changed circumstance. Each of the debt instruments to which Lionshead refers was in place before the court issued the preliminary injunction. See Mot. to Amend at 8. If the existence of this debt is the circumstance to which Lionshead ascribes inequity, it is a continued circumstance—not a changed one. To the extent that Lionshead suggests that the mere continuation of the preliminary injunction constitutes changed circumstances, this argument fails because such a conclusion "would nullify the changed circumstances factor, as such conditions

would exist in every case." Sea Shepherd N.Z., 47 CIT at __, 611 F. Supp. 3d at 1409–10 (internal quotation marks and citation omitted).  Lionshead has failed to sustain its burden to show any changed circumstances that justify modification of the preliminary injunction.

Though Lionshead's failure to show any changed circumstances is enough to deny its motion to amend, the court further observes that Lionshead also fails to demonstrate that its suggested amendment would prevent inequity.  While Lionshead claims that the suspension of liquidation of its Method B wheels is inequitable, see Mot. to Amend at 6–8, it fails to demonstrate that the suggested amendment would prevent that inequity.  This is because the preliminary injunction already does not enjoin the liquidation of entries of Method B wheels.  The preliminary injunction instead enjoins CBP from "liquidating, ordering liquidation of, or causing liquidation of unliquidated entries of steel trailer wheels thereof from Thailand that were subject to" CBP's final decision in the evasion proceeding underlying this case.  Prelim. Inj. at 1–2, Feb. 20, 2024, ECF No. 16.  CBP's final decision in the evasion proceeding underlying this case, in turn, explicitly states that "the steel trailer wheels are covered merchandise if they are processed via Production Methods A and C, but not Production Method B."  Final Admin. Decision at 14.  Therefore, while the preliminary injunction does not explicitly "not enjoin" the liquidation of out-of-scope wheels, as Lionshead requests it now be amended to say, the preliminary injunction also does not enjoin the liquidation of out-of-scope wheels.  Mot. to Amend at 1.  If Lionshead has indeed made entries of Method B wheels, no amendment is needed to secure their liquidation.

Lionshead concedes that its suggested amendment would not "introduce a material change," instead maintaining that it is seeking "only to clarify the meaning of the injunction[]." Pl.'s Reply at 4.  Such a clarification would not prevent Lionshead's suggested inequity, as a plain reading of the existing preliminary injunction already shows that "Method B wheels imported by

Plaintiffs are not, and have never been, enjoined in the [p]reliminary [i]njunction because the Method B wheels were not 'covered merchandise' subject to [EAPA] as a matter of law." Pl.'s Reply at 4; see also Def.'s Response at 5; Def.-Inter.'s Response at 2–3. Lionshead argues that the Government has interpreted the preliminary injunction differently, such that "the agency is preventing liquidation of entries that do not conform to the language of the preliminary injunction itself," but it is unclear what difference, if any, exists between the Government's and Lionshead's interpretations of the preliminary injunction. Pl.'s Reply at 5. The Government originally consented to Lionshead's Motion to Amend, agreeing with Lionshead's plain reading that the preliminary injunction "does not enjoin liquidation of entries of steel trailer wheels . . . that were determined by [Commerce] to fall outside the scope of the [antidumping and countervailing duty] orders . . . , the so-called Method B wheels[.]" Def.'s Resp. at 4 (quoting Mot. to Amend at 1–2). The Government's revocation of consent does not suggest a different interpretation of the preliminary injunction, but instead reflects the Government's new appreciation that CBP had already determined that no entries contained Method B wheels. See id. at 1–2, 5. Therefore Lionshead's suggested amendment would not prevent any inequity caused by the suspension of liquidation of Method B wheels, as the existing preliminary injunction does not enjoin the liquidation of Method B wheels.

Finally, even if Lionshead met its burden of showing changed circumstances that make continuation of the preliminary injunction inequitable, any amendment that would achieve the result that Lionshead seems to be seeking—that is, to achieve the liquidation of some wheels— would also have the practical effect of reversing CBP's determination that none of Lionshead's wheels are Method B wheels. CBP noted in the Final Administrative Decision that "Commerce stated that it was implementing certification requirements for out-of-scope merchandise, and if

such requirements were not met, Commerce intended to instruct CBP to suspend all unliquidated entries for which the requirements were not met and require that the importer post the requisite [antidumping and countervailing duty] cash deposits." Final Admin. Decision at 5 (citing Final Scope Rulings); see also Determination of Evasion at 11. However, according to the Final Administrative Decision, "the Importers did not submit certifications or other evidence to TRLED or assert in their requests for review to RR that the merchandise they imported was manufactured via Production Method B and therefore, was not within scope of the Orders." Id. Therefore, CBP determined that "the merchandise falls within the scope of the Orders," and that "the steel trailer wheels that Lionshead . . . imported are 'covered merchandise' under the EAPA." Id. Lionshead states that it "provided a list of entries and certifications from Asia Wheel and Lionshead. . . even though the entries are not subject to the certification requirement." Mot. to Amend at 6. However, as Dexstar states, CBP "specifically and repeatedly found that none of the wheels in the entries subject to the EAPA investigation were Method B wheels." Def.-Inter.'s Resp. at 3. Lionshead does not make any showing that their entries were Method B wheels and therefore not covered by CBP's investigations. Nor has it shown that its certifications were sufficient. Even if Lionshead did provide such information at this time, the court cannot reverse CBP's past determination that the wheels at issue were not Method B wheels through the amendment of a preliminary injunction as that determination has not been properly challenged in this case. See Pirelli Tyre Co. v. United States, 45 CIT __, __, 539 F. Supp. 3d 1257, 1262 (2021) ("The scope of any litigation is confined to the issues raised in a plaintiff's complaint." (citing Vinson v. Washington Gas Light Co., 321 U.S. 489, 498 (1944))).[2]

---

[2] The Government suggests that Lionshead is not foreclosed from submitting a protest and demonstrating that the entries at issue include Method B wheels should CBP liquidate any entries

## CONCLUSION

Because Lionshead fails to demonstrate changed circumstances such that continuation of the preliminary injunction is inequitable, Lionshead's Motion to Amend the Preliminary Injunction is **DENIED**.

**SO ORDERED.**

/s/    *Gary S. Katzmann*
Judge

Dated: December 19, 2024
        New York, New York

---

pursuant a decision by the USCIT and any instruction from Commerce at the conclusion of this litigation.  See Gov.'s Br. at 7 (citing 19 U.S.C. § 1514).